IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLIFF GRAVES, #314-400,<br>   Plaintiff, | * |
| v. | * <br> CIVIL ACTION NO. RWT-04-3638 <br> * |
| MARY ANN SAAR,<br>   Defendant. | * |

\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Now before the court is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and court ordered supplement thereto, filed on behalf of Defendant. (Paper Nos. 17 and 24). The motion and supplement, will be treated as a contested motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (See Paper Nos. 19, 21 and 25). No hearing is needed to resolve the pending motion,[1] pursuant to Local Rule 105.6 (D. Md. 2004).

It is established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to

---

[1] The court is also in receipt of Plaintiff's Motion for Injunction and Motion to Compel Discovery. Paper No. 20. In order to obtain injunctive relief under F. R. Civ. P. 65, Plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that Defendants will not be harmed if the requested relief is granted; (iii) the likelihood that Plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. Blackwelder Furniture Co. v. Selig Manufacturing Co., 550 F.2d 189, 195-96 (4th Cir. 1977); Yakus v. United States, 321 U.S. 414 (1944). Plaintiff's request for a injunctive relief shall be rejected in that the documentary evidence before the court demonstrates that Plaintiff's obsessive compulsive disorder is being treated. Accordingly, his motion does not clearly establish that immediate and irreparable injury, loss, or damage would result to him if the requested relief is not granted.
 Plaintiff also seeks copies of his medical records. The motion shall be denied without prejudice.

which he or she would have the burden of proof. See Celotex, 477 U.S. at 322-323. Therefore, in the instant case, it is Plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. This he has done, by bolstering the allegations in his Complaint concerning denial of medical care, by, inter alia, referencing the name of an employee of the Charles County Detention Center who would testify that in her experience the Division of Corrections routinely fails to forward inmate medicines or medical charts to the detention center, and contending that the three-day supply of medication that accompanied him when he left the WCI made it only so far as the MCI-H, and not to the Charles County Detention Center, his ultimate destination. (Paper Nos. 25 and 21). Defendant has provided some evidence that three days' worth of Plaintiff's prescription medications were sent for Plaintiff when he transferred from WCI. The documents do not, however, demonstrate that the medications were received at the receiving institution. Defendant's contention that she has no control over another institution is therefore without merit when it appears that the delivery of Plaintiff's medication was impeded by another Division of Correction facility, namely MCI-H, not an outside agency.

Moreover, the court observes that despite a specific request to do so, Defendant has failed to present evidence regarding any policy in place in 2004 which required that inmates' medications and medical records accompany them during transfers. Rather, Defendant has provided information regarding procedures implemented in 2005, well after the events of which Plaintiff complains.

Lastly, the court notes that Plaintiff contends that as of June 17, 2003, certain anti-psychotic medications were "banned" and he therefore did not receive his prescribed medication. Defendants have countered this contention by declaration and copies of medical records which demonstrate that

Plaintiff receives several prescription medications to treat his various psychological disorders. (Paper No. 17, Ex. 1). The declaration and exhibits, however, are incomplete. The declaration recites only that Plaintiff "receives" the noted medications, without reference to how long Plaintiff has been prescribed the noted medications, and the medical records reflect the history of Plaintiff's prescription medication only from July, 2004. *Id.*

Because the Eighth Amendment issue in this case cannot be answered based upon the parties' current submissions to the court, summary judgment cannot be granted at this time. Plaintiff shall be granted thirty days to file a motion for appointment of counsel. A separate order follows.

January 9, 2006                                                /s/
Date                                                           Roger W. Titus
                                                               United States District Judge